IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERON THERAPEUTICS, INC., )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>MYLAN PHARMACEUTICALS INC., )<br>)<br>*Defendant*. )<br>)<br>)<br>) | C.A. No. 23-1015 |

**SUPPLEMENTAL SCHEDULING ORDER**

This order implements the court's procedure for resolving disputes over the admissibility of exhibits and deposition designations prior to trial.

With respect to the exhibits the parties intend to offer at trial, the court will endeavor to resolve most, if not all, questions of admissibility in advance of the trial. The court notes that it is a common practice for parties in patent cases to include in the proposed joint pretrial order a large number of exhibits and for each party to object to a substantial percentage of the opposing party's exhibits. That exercise is counterproductive. It offers very few benefits and tends to create significant additional work for the parties and for the court. It also requires decisions regarding admissibility to be made during trial when such decisions must be made quickly and when arguments over admissibility consume valuable trial time. With these considerations in mind, the court directs the parties to comply with the following procedure.

1. In their proposals relating to the joint pretrial order and in the meet and confer on the joint pretrial order, each party is directed to include only those exhibits it believes it will actually offer at trial; each party is also directed to reduce the number of its objections to those it seriously

intends to press at trial. The parties should also exchange deposition designations and be prepared to discuss any disputes over deposition designations at a conference to be held with the court.

    2. In the event that there are more than 25 remaining disputes over the admissibility of the trial exhibits and deposition designations after the parties meet and confer, I will conduct an off-the-record conference with counsel for both parties on May 9, 2025, in my chambers in Washington, D.C. Lead trial counsel for each party will be required to attend. Delaware counsel will not be required to attend. The purpose of the conference will be to resolve the admissibility of the remaining disputed exhibits and deposition designations prior to trial so as not to consume either party's trial time with disputes over the admissibility of exhibits. The conference will continue for as long as it takes to resolve those disputes. I will then enter an order indicating which exhibits have been pre-qualified for admission at trial and which deposition designations will be allowed to be played at trial. I expect both parties to act in good faith in making this process work. If I conclude that either party is uncooperative in submitting a realistic proposed exhibit list, I will impose a limit on the number of exhibits that party may admit at trial.

    3. If there are 25 or fewer remaining disputes over the admissibility of the trial exhibits and deposition designations after the parties meet and confer on the admissibility of the exhibits, I will conduct the conference on exhibits on Zoom. By no later than May 5, 2025, at 5:00 p.m. Eastern Time, the parties should provide the court with a list of the exhibits that remain in dispute, digital copies of each of those exhibits, and the basis for any objection or objections to each of those exhibits. By the same date, if there are any remaining disputes about deposition designations after the parties meet and confer on their respective designations and counter designations, the parties will provide the court with a list of the disputes and the transcripts of the pertinent

deposition excerpts. Any disputes over deposition designations and counter-designations will be resolved at the Zoom conference on exhibits on May 9, 2025.

\* \* \* \* \*

With these procedures and dates in mind, the following schedule for pretrial exchanges is adopted:

1. By April 18, 2025, each party will provide the opposing party its exhibit list and any deposition designations it intends to play at trial.

2. By April 25, 2025, each party will provide the opposing party with any objections to the other party's exhibits and any deposition counter-designations.

3. By May 2, 2025, the parties will meet and confer to reduce the number of disputes over exhibits and deposition designations as much as possible.

4. By May 5, 2025, the parties will provide the court with a list and electronic copies of each of the exhibits each party intends to offer at trial that are still objected to at that time, along with a list and electronic copies of any deposition designations that are in dispute.

5. On May 9, 2025, the court will conduct an off-the-record conference to discuss the remaining disputed exhibits and deposition designations. The conference will be held in the court's chambers in the Howard T. Markey Courthouse, 717 Madison Place, N.W., Washington, D.C., if there are more than 25 remaining disputes over the admissibility of trial exhibits and deposition designations; otherwise, the conference will be held over Zoom.

Separately, the pretrial conference in this case will be held on May 12, 2025. The required filing date and contents of the joint proposed pretrial order are set out in paragraph 13 of the original scheduling order in this case, Dkt. No. 38.

IT IS SO ORDERED.

SIGNED this 17th day of March, 2025.

                                              WILLIAM C. BRYSON
                                              UNITED STATES CIRCUIT JUDGE